# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**KISHA CHILDERS**                                                                 **PLAINTIFF**

**v.**                            **Case No. 2:15-cv-00172-KGB**

**FORREST CITY SCHOOL**
**DISTRICT,** *et al.*                                                            **DEFENDANTS**

## OPINION AND ORDER

Before the Court is a motion for summary judgment filed by defendants ABC Preschool ("ABC") and Forrest City School District (the "District") (Dkt. No. 17). Plaintiff Kisha Childers has not responded to the motion for summary judgment. For the following reasons, the Court grants the motion for summary judgment (*Id.*). The Court denies as moot the pending motion *in limine* filed by defendants (Dkt. No. 22).

### I. Factual Background

Unless otherwise noted by citation, the following facts are taken from defendants' statement of undisputed facts (Dkt. No. 19).

This is an employment discrimination action filed by Ms. Childers, a former aide in the District. Ms. Childers brings this suit for race discrimination against defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq*. On October 22, 2014, District Superintendent Dr. Tiffany Hardrick provided Ms. Childers with a notice of recommended termination letter (Dkt. No. 19, ¶ 2). The letter cited five reasons for Dr. Hardrick's recommendation to the District school board to terminate Ms. Childers' employment contract (*Id.*). As outlined in the letter, the recommended termination of Ms. Childers was based on an incident that occurred on October 8, 2014, in which Ms. Childers allegedly engaged in inappropriate and unprofessional behavior by directing vulgar and abusive language at another employee, threatened

to fight the other employee and cause her bodily harm, and was subsequently insubordinate to the teacher and principal when they tried to de-escalate the incident (*Id*., ¶ 3). Dr. Hardrick's letter also noted that Ms. Childers was habitually late for work and other assigned duties and had at least three other incidents like the one on October 8, 2014, purportedly showing a pattern of unprofessional behavior (*Id*.).

As a public school employee, Ms. Childers was suspended with pay and was afforded a due process hearing before the District school board pursuant to Arkansas Code Annotated § 6-17-1701 *et seq.* (Dkt. No. 19, ¶ 4). The hearing was held on November 13, 2014, and Ms. Childers attended the hearing and presented a defense (*Id*.). After a full hearing, the District school board voted to accept the superintendent's recommendation, thereby terminating Ms. Childers' contract (*Id*., ¶ 5).

Ms. Childers then filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on or about July 5, 2015, alleging discrimination based on her race (*Id*., ¶ 6). The EEOC issued Ms. Childers a notice of right to sue letter on July 14, 2015 (*Id*.). Ms. Childers waited until July 1, 2015, to sign her Charge, and the Charge was not received by the EEOC until on or about July 5, 2015 (Dkt. No. 19, ¶ 8).

At her deposition, Ms. Childers stated that she did not think she was discriminated against because of her race, even testifying that she "was going to change my motion with the court to say that I wasn't really racially discriminated against, it was job discrimination, wrongful job discrimination." (*Id*., ¶ 9). Further, Ms. Childers was asked about her racial discrimination claims during her deposition, which led to the following exchange:

Q. Okay. You agree you weren't racially discriminated?

> A. I agree. Because most of the majority of the people that I work with are of my race, and they couldn't have—I mean, most of the other races I work with, we got along well.

(Dkt. No. 17-3, at 13). Ms. Childers also conceded that her direct supervisor, her principal, was African-American; that Dr. Hardrick, the Superintendent who recommended her termination, was African-American; and that the majority of the school board members at her termination hearing were African-American (*Id.*, ¶ 10). Further, Ms. Childers admitted that she had no evidence to support a claim of racial discrimination besides her complaint (*Id.*, ¶ 11). Lastly, Ms. Childers conceded she simply disagreed with the reasons for her termination, admitting this was the business judgment of the District (*Id.*, ¶ 12).

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.* at 323. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Id.*

A party seeking summary judgment always bears the initial responsibility of informing this Court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Id*. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and it should be interpreted in a way that allows it to accomplish this purpose. *Id*. at 324.

Federal Rule of Civil Procedure 56(e) allows for the possibility that a party may fail to respond to another party's assertion of fact, or, in this case, not respond to any of the assertions presented in the motion for summary judgment and accompanying filings. In this situation, the court may consider the facts undisputed or may "grant summary judgment if . . . the movant is entitled to it [.]" Fed. R. Civ. P. 56(e). The court must still determine whether summary judgment is appropriate, regardless of whether the adverse party failed to respond. *See United States v. One Parcel of Real Property Located at 9638 Chicago Heights, St. Louis, Missouri*, 27 F.3d 327, 329 n.1 (8th Cir. 1994).

**III. Analysis**

The Court concludes that, based upon the undisputed record evidence, defendants are entitled to entry of summary judgment in their favor in this matter. Pursuant to Rule 56(e), the Court considers the facts alleged by defendants undisputed (Dkt. No. 19). Because there is no genuine issue as to any material fact in this case, defendants are entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.

First, the Court must address the timeliness of Ms. Childers' Charge filed with the EEOC. "In order to pursue a Title VII action, plaintiffs generally must file an administrative charge with

the EEOC within 180 days after the alleged unlawful employment practice occurred." *Bissada v. Ark. Children's Hosp.*, 639 F.3d 825, 830 (8th Cir. 2011). The District school boarded voted to terminate Ms. Childers' employment on November 13, 2014 (Dkt. Nos. 17-2, at 24-25; 19, ¶ 5). The incident that led to Ms. Childers' termination occurred on October 8, 2014 (Dkt. No. 19, ¶ 3). The undisputed facts show that Ms. Childers waited until July 1, 2015, to sign her Charge, and the Charge was not received by the EEOC on or about July 5, 2015 (Dkt. Nos. 2, at 11; 19, ¶ 8). There are no facts in the record to dispute this.

Counting back from the date on which Ms. Childers signed her Charge, any claims based on events allegedly occurring prior to January 6, 2015, are time-barred. Accordingly, as the incidents at issue all occurred in 2014, Ms. Childers' claims arising from the termination of her employment with the District are time-barred. For this reason alone, defendants are entitled to the entry of summary judgment in their favor on Ms. Childers' race discrimination claims.

Second, the Court concludes that there are no genuine issues of material fact in dispute as to whether defendants racially discriminated against Ms. Childers when they terminated her employment. Ms. Childers can establish a *prima facie* case of racial discrimination either by providing direct evidence or by creating an inference of unlawful discrimination under the three-step analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). The undisputed record evidence contains no direct evidence of discrimination, so the Court must consider Ms. Childers' claims under the *McDonnell Douglas* burden-shifting framework. Under the burden shifting framework of *McDonnell Douglas*, to establish a *prima facie* case of discrimination under Title VII, Ms. Childers must show that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated

differently or there are facts permitting an inference of discrimination. *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 716 (8th Cir. 2012). If Ms. Childers makes out a *prima facie* case, she creates a presumption of unlawful discrimination, and the burden shifts to defendants to come forward with evidence of a legitimate nondiscriminatory reason for their actions. *McGinnis v. Union Pac. R.R. Co.*, 496 F.3d 868, 873 (8th Cir. 2007). "If the defendant articulates such a reason, the burden returns to the plaintiff to show the defendant's proffered reason is pretextual." *Id.*

Defendants argue that Ms. Childers has failed to meet the fourth element required to prove a *prima facie* case of racial discrimination. The Court agrees. "A plaintiff can satisfy the fourth part of the *prima facie* case in a variety of ways, such as by showing more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011) (citing *Lewis v. Heartland Inns of Am., L.L.C.*, 591 F.3d 1033, 1039-40 (8th Cir. 2010)). In her deposition, Ms. Childers was asked about her racial discrimination claims:

> Q. Okay. You agree you weren't racially discriminated?
>
> A. I agree. Because most of the majority of the people that I work with are of my race, and they couldn't have—I mean, most of the other races I work with, we got along well.

(Dkt. No. 17-3, at 13). Ms. Childers also stated that she "was going to change my motion with the court to say that I wasn't really racially discriminated against, it was job discrimination, wrongful job discrimination." (Dkt. No. 19, ¶ 9). Ms. Childers did not attempt to amend her complaint or change her allegations filed with the Court at any time after her deposition. Additionally, Ms. Childers stated that her direct supervisor, the Superintendent, and a majority of the school board members at her termination hearing were African-American (*Id.*, ¶ 10). Further, Ms. Childers admitted that she had no evidence to support a claim of racial discrimination besides her complaint

(*Id.*, ¶ 11). Ms. Childers also conceded she simply disagreed with the reasons for her termination, admitting that this was the business judgment of the District (*Id.*, ¶ 12). Based upon these undisputed material facts, the Court concludes that Ms. Childers has failed to show facts permitting an inference of discrimination and therefore she has failed to establish a *prima facie* case of racial discrimination.

Finally, assuming without deciding that defendants have presented legitimate, nondiscriminatory reasons for their termination of Ms. Childers, Ms. Childers has failed to show that defendants' offered reasons are pretextual. The reasons offered by Dr. Hardrick for Ms. Childers' termination include the following: (1) inappropriate and unprofessional behavior during an incident on October 8, 2014; (2) habitual lateness for work; and (3) prior unprofessional behavior (Dkt. No. 19, ¶ 3). Ms. Childers has offered no evidence that these proffered reasons for her termination are pretextual. As Ms. Childers has failed to show pretext, the Court concludes that Ms. Childers has failed to present a genuine issue of material fact on her claims that defendants racially discriminated against her when they terminated her employment. Therefore, defendants are entitled to the entry of summary judgment in their favor on Ms. Childers' claims for racial discrimination.

### IV. Conclusion

The Court grants defendants' motion for summary judgment (Dkt. No. 17). Ms. Childers' claims are hereby dismissed with prejudice. The Court denies as moot the pending motion *in limine* filed by defendants (Dkt. No. 22).

So ordered this 8th day of May, 2019.

_____
Kristine G. Baker
United States District Judge